Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| In re: | ) | CHAPTER 13 PROCEEDINGS |
|---|---|---|
| | ) | |
| | ) | CASE NO. # 2: 17-07458-MCW |
| JOHN PETER HOEBEE, II, | ) | |
| PAULA KAY HOEBEE, | ) | TRUSTEE'S EVALUATION AND |
| | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| | ) | RE: CHAPTER 13 PLAN |
| (Debtor(s) | ) | *Docket #2* |

Edward J. Maney, Trustee, has analyzed the Debtors' Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a.  Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.  *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b.  Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c.  The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d.  The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan.  This requirement is to be included in any Order Confirming.

e.  The Trustee requires that any proposed Order Confirming Plan state:  "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f.  The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.</u>

**Specific Recommendations:**

1. The Trustee requires the debtors supply a copy of bank statement that reveals the balance on hand on the date of their filing of their case.

2. The debtors have two vehicle payments listed on Schedule J of <u>exactly</u> $483.52 each, which the Trustee was told at the Meeting of Creditors represent vehicle payments for two of their children. The Trustee notes that the contract attached to the proof of claim filed by Ally Capital for the 2016 Ford Focus – which Schedule D indicates is one of these vehicles associated with one of their kids – has a payment of $672.28 per month. The Trustee would expect there to be corresponding items of Schedule I showing income from their children that match the "payments" listed on Schedule J for cars that they make the payments.

Schedule D also lists two other vehicles (a 2014 Dodge Challenger and a 2016 motorcycle) as being "sole and separate property" of their children. The Trustee would object to any unreimbursed payment by the debtors for their children's cars. The Trustee requires an explanation for these confusing entries on Schedules I and J.

3. The proofs of claim filed by Wells Fargo Bank (mortgage arrears – claim #7), Alaska USA FCU (2014 Dodge Charger – claim #11) and Ally Capital (2016 Ford Focus – *amended* claim #4) differ by classification and/or amount from this creditor's treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim <u>including payment of the contract rate of interest</u>; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

4. The Chapter 13 Plan states that Nissan Motor Acceptance (2016 Nissan Altima – *amended* claim #2) and the Internal Revenue Service (*priority* claim #5) will be paid an amount greater than that listed on their proofs of claim. The debtor(s) may use the lesser claim amount in the Stipulated Order Confirming Plan.

5. The Trustee requires an explanation for the $333.33 income entry listed on Schedule I identified only as "Volt".

**(THE TRUSTEE ACCEPTS ELECTRONIC SERVICE at service@maney13trustee.com)**

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any***. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $10,590 or an estimated 8% of related debts, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #2, #5 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

```
                                                    Trustee's Recommendation
                                                    Case No.# 2: 17-07458-MCW
                                                    Page #4
Date See Electronic Signature Block

                              EDWARD J. MANEY,
                              CHAPTER 13 TRUSTEE


                         By: _____
                              Edward J. Maney ABN 12256
                              CHAPTER 13 TRUSTEE
                              101 North First Ave., Suite 1775
                              Phoenix, Arizona 85003
                              (602) 277-3776
                              ejm@maney13trustee.com
```

Signed: Edward J. Maney, Esq. — Digitally signed by Edward J. Maney, Esq. Date: 2017.09.19 11:06:29 -07'00'

Copies of the forgoing
mailed on [see electronic signature],
to the following:

John Hoebee
Paula Hoebee
9016 W. Tony Court
Peoria, Arizona 85382
Debtors

Chris D. Barski, Esq.
8700 E. Via De Ventura
Suite #140
Scottsdale, Arizona 85258
Debtors' counsel

By: Jackie Garcia
Trustee's Clerk

Digitally signed by Jackie Garcia
DN: cn=Jackie Garcia, o=Edward J. Maney, Trustee, ou=File Clerk, email=jgarcia@maney13trustee.com, c=US
Date: 2017.09.19 14:15:36 -07'00'